UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles B. Craft, | Case No. 22-cv-1897 (KMM/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

Charles B. Craft, Reg. No. 15867-028, FPC Duluth, P.O. Box 1000, Duluth, MN 55814 (pro se Petitioner); and

Ana H. Voss and Chad A. Blumenfield, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on pro se Petitioner Charles B. Craft's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Pet., ECF No. 1. This matter has been referred to the undersigned for a report and recommendation to the district court, the Honorable Katherine M. Menendez, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition be **DENIED**, and this matter be **DISMISSED WITHOUT PREJUDICE**.

1

## II. BACKGROUND

Petitioner argues that the Bureau of Prisons ("BOP") "[i]s in violation of the law" because it has not applied Petitioner's First Step Act time credits to sentence. Pet. at 2. In his Petition, he requests that the Court "require the BOP to apply [his] First Step Act time credits to [his] sentence." *Id*. at 8.

In brief, the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018), "offers prisoners an opportunity to earn [t]ime [c]redits applicable to their periods of residential reentry center placement, home confinement or supervised release, by participating in certain evidence-based recidivism reduction . . . programs and productive activities." *Salter v. Fikes*, No. 20-cv-2253 (ECT/ECW), 2021 WL 2365041, at *1 (D. Minn. May 5, 2021) (quotation omitted), *report and recommendation accepted*, 2021 WL 2354934 (D. Minn. June 9, 2021); *see also, e.g.*, *Mills v. Starr*, No. 21-cv-1335 (SRN/BRT), 2022 WL 4084178, at *1, 4 (D. Minn. Aug. 17, 2022), *report and recommendation adopted*, 2022 WL 4080750 (D. Minn. Sept. 6, 2022).

Petitioner is currently serving a 108-month term of imprisonment for Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841, 846 imposed by the United States District Court for the Southern District of Indiana. Decl. of Kyja Winger ¶ 3, ECF No. 12; Ex. A to Winger Decl., ECF No. 12-1 at 2-3. At the time Petitioner filed his Petition, he was incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). Pet. at 1; Winger Decl. ¶ 2. Prior to the application of any First Step Act time credits, Petitioner had a projected release date of March 18, 2025, via good conduct time release. Winger Decl. ¶ 3; Ex. A to Winger Decl.

2

at 1-3.

On March 24, 2023, the Court ordered Respondent to file a supplemental response updating the Court as to Petitioner's custody status. *See* ECF No. 15 at 2. The Court became aware that Petitioner had been transferred from FPC-Duluth and was being supervised by the Residential Reentry Management field office in Detroit, Michigan. *Id*. at 1. Respondent was directed to explain Petitioner's custody status and any effect it has on the outcome of his Petition. *Id*. at 2.

On April 7, 2023, Respondent submitted a supplemental response stating that Petitioner's First Step Act time credits, namely, 365 days of time credits, were applied to his sentence. Supp. Resp. at 1, ECF No. 16; Supp. Decl. of Shannon Boldt ¶ 5, ECF No. 17; Ex. C to Boldt Supp. Decl. at 2, ECF No. 17-3. On January 31, 2023, Petitioner was transferred from FPC-Duluth to a pre-release Residential Reentry Center at the Volunteers of America in Indianapolis, Indiana. Supp. Resp. at 1, ECF No. 16; Boldt Supp. Decl. ¶ 4; Ex. A to Boldt Supp. Decl. at 1, ECF No. 17-1; Ex. B to Boldt Supp. Decl., ECF No. 17-2. Then, on February 23, 2023, Petitioner was transferred to home confinement. Supp. Resp. at 1; Boldt Supp. Decl. ¶ 4; Ex. A to Boldt Supp. Decl. at 1. With the inclusion of 365 days of time credits applied to Petitioner's sentence, his projected release date is now March 18, 2024, via a First Step Act release. Supp. Resp. at 1-2; Boldt Supp. Decl. ¶ 5; Ex. C to Boldt Supp. Decl. at 2-3; *see also Find an inmate*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Because the BOP has applied Petitioner's First Step Act time credits and he has been transferred to home confinement, Respondent argues that the Petition has become

moot. Supp. Resp. at 1. Thus, Respondent requests that the Petition be dismissed for lack of jurisdiction. *Id*.

### III. ANALYSIS

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. Const. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990).

"The 'case or controversy' requirement is not met if 'the question sought to be adjudicated has been mooted by subsequent developments.'" *Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). If there is no longer an active case or controversy, the action is moot and must be dismissed. *Potter*, 329 F.3d at 611; *see Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

In his Petition, Petitioner requests that the Court order the BOP to apply his First Step Act credits to his sentence. Pet. at 8. The BOP has since, however, applied his First

4

Step Act credits to his sentence. Thus, the Petition is now moot as "there is no longer any live case or controversy to be resolved in the present case." *See Flynn v. Eischen*, No. 22-cv-1265 (ECT/LIB), 2022 WL 18461620, at *6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2023 WL 415162 (D. Minn. Jan. 25, 2023); *see also, e.g., Van Zyverden v. Marques*, No. 19-cv-948 (ECT/LIB), 2020 WL 439908, at *3 (D. Minn. Jan. 8, 2020), *report and recommendation adopted*, 2020 WL 438355 (D. Minn. Jan. 28, 2020); *Pritchard v. Marques*, No. 19-cv-1242 (WMW/BRT), 2019 WL 5023208, at *2 (D. Minn. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4957905 (D. Minn. Oct. 8, 2019). Further, Petitioner has been transferred out of FPC-Duluth and placed on home confinement. *See Scheper v. Rios*, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *2 (D. Minn. June 5, 2020) (finding a petition moot where the petitioner "has already obtained all the relief this Court could provide in a writ of habeas corpus: [He] was moved to home confinement . . . ."), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

Nevertheless, Petitioner's home confinement placement does not automatically render the Petition moot. Mootness also requires analysis of potentially applicable exceptions to the mootness doctrine. *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *report and recommendation adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012); *see, e.g., Jefferson v. Jett*, No. 15-cv-3308 (PJS/BRT), 2016 WL 4196824, at *2 n.1 (D. Minn. July 1, 2016), *report and recommendation adopted*, 2016 WL 4186943 (D. Minn. Aug. 8, 2016); *Buckles v. Wilson*, No. 14-cv-648 (JRT/HB), 2014 WL 5438495, at

5

*4-5 (D. Minn. Oct. 22, 2014). The Petition should not be dismissed as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Sayonkon*, 2012 WL 1621149, at *2 (quotation omitted); *see also Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *3 (D. Minn. July 11, 2017), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). None of these mootness exceptions apply here.

First, Petitioner has not identified any cognizable collateral consequences that resulted from the BOP not applying Petitioner's time credits as early as he believed it should have. Petitioner "has not complained of his conditions of home confinement, and if he had, they would not be the result of his allegedly unlawful detention at FPC-Duluth." *See Scheper*, 2020 WL 4060729, at *3.

Second, this case does not involve conduct that is capable of repetition yet evading review. "[T]here is nothing further to litigate because the Respondent has represented that [Petitioner] has been moved to home confinement." *See id*. (citing *Ahmed*, 2017 WL 3267738, at *3). Further, there is no indication that Petitioner will be removed from home confinement and returned to FPC-Duluth. *See id*. (citing *Simon v. LaRiva*, No. 16-cv-1969 (ADM/KMM), 2016 WL 7972058, at *3 (D. Minn. Aug. 3, 2016), *report and recommendation adopted*, 2016 WL 4467891 (D. Minn. Aug. 22, 2016)). Should Petitioner be taken back into custody, it would be based on a new set of facts and

6

circumstances, such as violating the standards of home confinement or the conditions of his supervision. If Petitioner were brought back into custody, he would be free to bring a new habeas petition based on such new facts and circumstances. Because the application of time credits and subsequent release to home confinement cannot be repeated under the same circumstances, the conduct at issue does not meet the capable-of-repetition-yet-evading-review exception.

Third, there is no indication that the BOP placed Petitioner into home confinement earlier "simply to avoid judicial review of its prerelease determination or that it is free to reinitiate the challenged conduct once this case is dismissed." *See Jefferson*, 2016 WL 4196824, at *2 n.1.

Fourth, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3 (quotation and citation omitted).

Accordingly, the Court concludes the Petition is moot and must be dismissed for lack of jurisdiction. *See Scheper*, 2020 WL 4060729, at *3.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, be **DENIED AS MOOT**; and

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

3. The Court kindly requests that the Clerk's Office mail a copy of this Report and Recommendation to Petitioner at the Residential Reentry Management Detroit field office:

>  Charles B. Craft
>  Reg. No. 15867-028
>  RRM Detroit
>  4026 E. Arkona Rd.
>  Milan, MI 48160

Date: April   17  , 2023          *s/Tony N. Leung*
     Tony N. Leung
     United States Magistrate Judge
     District of Minnesota

     *Craft v. Eischen*
     Case No. 22-cv-1897 (KMM/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).